# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>CESAR ARMENTA-LOPEZ,<br><br>Respondent. | Case No.: 14-CR-0199-L<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2) [ECF NOS. 90, 95.]** |

On February 4, 2015, Petitioner Cesar Armenta-Lopez ("Petitioner"), proceeding *pro se*, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). On August 31, 2015, Petitioner filed a second motion for relief under section 3582, along with a request for appointment of counsel. Petitioner's motions are based upon retroactive Amendment 782 of the United States Sentencing Guidelines that pertain to drug trafficking offenses which became effective November 1, 2014. The Government filed an opposition to the motion. For the reasons set forth below, Petitioner's motions are **DENIED**.

## BACKGROUND

Petitioner pled guilty to one count of Possession of Methamphetamine on a Vessel and one count of Possession of Marijuana on a Vessel, in violation of 46 U.S.C. §§ 70503 and 70506. On July 28, 2014, this Court sentenced Petitioner to two concurrent 55 month

sentences in the custody of the Bureau of Prisons, finding that the base offense level was 38. A 3 point reduction was applied for acceptance of responsibility, for an adjusted base offense level of 35. Petitioner was in a criminal history category of I, resulting in a Guideline Range of 168 to 210 months. After a 4 point reduction for Fast Track, the final calculation was 31, with a sentencing range of 108 to 135 months. After considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to two 55 month terms to be served concurrently.

## DISCUSSION

Petitioner now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. Amendment 782 generally reduces the base offense level for drug trafficking offenses in § 2D1.1(c) of the Sentencing Guidelines by two levels. *See* Amendment 782, Supplement to Appendix C, Amendments to the Guidelines Manual. Petitioner falls within the purview of this change.

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)). Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision. *See* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment.") (emphasis added); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.' ") (quoting 18 U.S.C. § 3582(c)(2)).

In determining whether a sentence should be modified following amendment of the Guidelines, the Court should consider the term of imprisonment that it would have imposed had the amendment to the Guidelines been in effect at the time the particular defendant was sentenced. U.S.S.G. § 1B1.10(b). In addition, the Court must consider the 18 U.S.C. § 3553(a) factors[1] and the danger to the public created by any reduction in a defendant's sentence. *Id*. at cmt. n. 1(B). The Court may also consider the defendant's post-sentencing conduct. *Id*.

Applying the amended Guidelines, Petitioner's new base offense level would now be a 36, rather than a 38, and his adjusted offense level would be 33 after the 3 point reduction for acceptance of responsibility. Petitioner remains in a criminal history category I. Neither the Fast Track departure nor the variances are calculated in the amended guidelines. Therefore, the resulting applicable guideline range is 135 to 168 months.

After considering the §3553(a) factors anew, the danger to the public created by any reduction in Petitioner's sentence, the Court finds no further reduction in Petitioner's sentence is warranted. Petitioner's original sentence of two 55 month terms to be served concurrently is still less than the low-end of the new Guideline range. The Court considers the originally imposed sentence as the minimum necessary to address Petitioner's conduct, and thereby declines to reduce his sentence further.

---

[1] Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines… (5) any pertinent policy statement… (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

## CONCLUSION

Based on all of the above considerations, Petitioner's motions for a reduction in his sentence and motion to appoint counsel are **DENIED**.

**IT IS SO ORDERED.**

Dated: November 9, 2017

*signature*
Hon. M. James Lorenz
United States District Judge

COPIES TO:
PETITIONER
U.S. ATTORNEY'S OFFICE